(C. D. 262)

INTEROCEAN S. S. CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 7, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney, and *Joseph A. Howard, Jr.*, junior attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as, "1 Dead-Beat Compass with Azimuth Mirror, card 0–360° oil stabiliser spring suspension and double gimbals No. 9785."

Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said merchandise is properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as machines not specially provided for.

At the hearing the plaintiff offered in evidence the testimony of a single witness, William E. Kelly. No evidence was offered by the Government.

The witness testified that he had been a United States examiner of merchandise at the port of Los Angeles for the last 16 years; that he had passed upon the instant merchandise and was familiar with it; that it differed from an ordinary compass in that it was suspended from four points, two points in the compass being set within a second ring, which also works in an opposite direction and automatically levels the compass regardless of the angle of the ship; that the compass has moving parts, to wit, a magnet which keeps the compass card always drawn to the north, the said card floating in the center of the two rings; that when the vessel changes direction or pitch the compass card is maintained in the same position "By being swung from the two points, that is, one within the other, each at an opposite side," and that instead of the card or needle changing with the change of direction of the vessel, the card remains stationary but the compass changes.

Upon this record counsel for the plaintiff, in their brief filed herein, contend that the principle involved in the compass at bar is substantially the same as the principle governing the aneroid barometers which were held to be machines not specially provided for in the case of *United States* v. *L. Oppleman, Inc.*, 25 C. C. P. A. 168, T. D. 49271.

On the other hand counsel for the Government, in his brief filed herein, contends that the mere fact that the article at bar is so constructed that it remains level at all times is not sufficient to constitute it a mechanical contrivance within the definition laid down by the appellate court in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537.

In support of his contention counsel for the Government cites the case of *United States* v. *Race Co.*, 22 C. C. P. A. 327, T. D. 47362, in which the appellate court held that certain so-called dialysers, consisting of large metal tanks with wire grid and mesh nets, and used for the extraction of pure caustic soda, were not machines within the meaning of paragraph 372 of the Tariff Act of 1930.

Unfortunately there is no sample of the imported compasses before us, which might be of some help to the court. It would appear, however, that the article in question is a compass which, by means of a magnet, is always kept at the same horizontal level. In our opinion this device falls far short of being a mechanical contrivance within the

meaning of the definition laid down in *Simon, Buhler & Baumann (Inc.)* v. *United States, supra.* It certainly is not on a par with the aneroid barometer, which has a considerable number of moving parts.

Upon the entire record we are constrained to hold that the compass in question is not a machine within the meaning of paragraph 372 of the Tariff Act of 1930. All claims are therefore overruled, and judgment will be rendered accordingly.